### E. A. HENSLEY v. J. G. TRIMBLE.

Bill of Exchange—Set-off and Counterclaim—Purchaser for Value of Bill of Exchange.

A set-off or conterclaim existing between the original parties to a Bill of Exchange cannot be adjudged against an assignee, after the Bill has gone into circulation, in the regular course of business, for a valuable consideration.

Pleading—Demurrer—Issue Joined—Objections.

Though a petition may be defective because of insufficient averments as to the principal causes of action stated, to be availed of a demurrer thereto must be put in before issue joined by defendant answering setting up by way of defense, set-offs and counter-claims. And it is too late to object to the validity of the petition for the first time, before the Appelate Court.

APPEAL FROM WOLFE CIRCUIT COURT.

February 1, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The writings sued on, though styled and treated by both parties as notes are really foreign bills of exchange drawn at Cincinnati, Ohio, payable at Mt. Sterling, Kentucky, and which had been assigned to appellee. The petition does not aver protest and notice either for non-acceptance or non-payment, nor does it aver any excuse, as that the drawer had no funds with or authority from the drawer to draw upon him, and would therefore have been liable to a general demurrer.

But appellant answered setting up defenses by way of set-off and counter-claim and issues thereon formed and submitted to the court and adjudged by it for $1,025.25, with interest from May 19, 1866, in appellee's favor.

There is no bill of exceptions containing the evidence, therefore, we must regard the defenses unsustained save so far only as not denied and treating the loaned buggy as not returned and worth the $75 as alleged, still the judgment does not amount to more, nor indeed as much as the court might have adjudged.

Even if it be conceded that under these issues off-sets and

counter-claims existing between the original parties could be adjudged against the assignee, which cannot be done as to bills of exchange which have gone into circulation in regular course of business for a valuable consideration, still there is nothing in this case which authorized this court to reverse on this account. But it is insisted that no cause of action appears in the petition and that therefore the judgment should be reversed. However defective the petition might be, because of no sufficient averment as to no funds or authority to draw, yet after issue waiving this and judgment establishing a claim, especially where no demurrer for either party was put in so as to illicit the judgment of the court below on the pleadings it is too late to object for the first time in this Court, no motion for a new trial being made below.

Judgment affirmed.

*Simpson, Hazelrigg & Winn, for appellant.*

*Elliott, for appellee.*